# SUPERIOR COURT

No. 538

REINHART et v GT. AM. INDEMNITY CO. et

No. 58997. Superior Court of Cincinnati

647. INSURANCE — AUTOMOBILE — 1. For personal injury, limited to the amount specified in policy of indemnity, of automobile driver, when injury comes within description therein.

2. Insurance on automobile "follows" owners and not machine.

MARX, J.

The present action was brought by Charles Reinhart and his minor son, Morgan, for collection of a judgment against the Great American Mutual Indemnity Co. and George Meehring. The judgment grew out of a personal injury sustained by Morgan Reinhart due to the negligent driving of Meehring who was insured by the Indemnity Co.; said judgment being $6000 for Morgan and $742 for the father for loss of services, medical expense, etc. The Indemnity Co. answered to the petition of Reinhart stating:

1. That 9510-3 and 9510-4 GC authorizing present action are unconstitutional.

2. That accident upon which Reinhart recovered judgment was not a casualty covered by its contract of insurance within meaning of above statute.

3. That amount of judgment exceeds maximum liability of the Indemnity Co. under its contract of insurance.

The Company contends that when it insured Meehring he had an Overland car; he traded the Overland for a Hupmobile and when the accident occurred he was driving the Hupmobile. The Company claims that it should not be liable, for the machine was different than the one described in the policy. The Indemnity Co. further alleges that for an injury where death does not occur the maximum liability is $5000 and therefore the judgment was excessive. Reinhart replies that since there was a maximum of $10,000 allowed when death occurred, the amount over the $5000 should be taken from the $10,000 allowance.

The court held:

1. The constitutionality of these actions

## STATE COURT OF APPEALS—Continued

was established in Verducci v Casualty Co. 96 OS 260. In that case the court held the business of insurance was of public interest, affecting all classes of people and property and is therefore properly a subject of legislative regulation.

2. The insurance follows the owner and not the machine. For the main inducement for becoming insured is for the benefit which accrues to the owner of the car. Several days after the accident Meehring told the Company of the occurrence, and that he had exchanged the Overland for the Hupmobile. The Company for an additional premium continued said policy in force. T

3. There could not be a recovery more than the amount stipulated in the insurance policy. Judgment accordingly.

Attorneys—Ed. H. Ballard for Reinhart; C. H. Workman and W. W. Iymmes for Indemnity Co.; all of Cincinnati.